**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **FRED TURNER, Administrator for the Estate of Lawrence Turner, deceased,** | ) | |
| **Plaintiff,** | ) | **Case No. 2:22-CV-00624-MHT-KFP** |
| **v.** | ) | |
| **JEFFERSON DUNN, *et al.*,** | ) | |
| **Defendants.** | ) | |

**MOTION TO STRIKE OR, ALTERNATIVELY,**
**DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Jefferson Dunn ("Dunn") hereby submits this Motion to Strike or, Alternatively, Motion to Dismiss the Amended Complaint (doc. no. 24) filed by Plaintiff Fred Turner ("Plaintiff"). As grounds for and in support of this Motion, Dunn submits the accompanying Memorandum of Law and states as follows:

1. **The Court Should Dismiss Plaintiff's Amended Complaint for Lack of Service**. Plaintiff failed to timely serve Dunn within ninety (90) days and failed to demonstrate good cause for his failure. Fed. R. Civ. P. 4(c), 4(m). While Plaintiff served Dunn with a copy of the summons, he failed to serve a copy of his complaint with the summons. Fed. R. Civ. P. 4(c). Instead, Plaintiff served a copy of a complaint from a different case, failing to put Dunn on notice of the allegations

against him. Accordingly, the Court must dismiss Plaintiff's Amended Complaint. Fed. R. Civ. P. 4(m).

2. **The Court Should Dismiss Plaintiff's Amended Complaint as a "Shotgun Pleading."** Shotgun pleadings are cumbersome, confusing complaints which fail to provide defendants with adequate notice of the claims against them and the grounds upon which each claim rests. See Weiland v. Palm Beach Cnty. Sheriff Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Eleventh Circuit "roundly, repeatedly, and consistently condemn[s]" shotgun pleadings. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008). Plaintiff groups all three defendants together in one Count alleging multiple causes of action, but he fails to provide specific factual allegations identifying his basis for liability against each individual defendant. Plaintiff's vague pleading fails to put Dunn on notice of the factual basis for the claim against him.

3. **Plaintiff Fails to Allege a Constitutional Violation by Dunn**. A prison official violates the Eighth Amendment if the official is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury. Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019). A deliberate indifference claim contains both objective and subjective elements. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The first element, whether a substantial risk of harm existed, requires the plaintiff to

allege "'conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety.'" Marbury, 936 F.3d at 1233 (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2019) (internal citations omitted)). The second component, the subjective showing, requires a plaintiff to establish a defendant's deliberate indifference to the risk of serious harm by "making three sub-showings: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" Swain, 961 F.3d at 1285 (quoting Lane, 835 F.3d at 1308). Plaintiff fails to provide well-pleaded factual allegations plausibly suggesting Dunn possessed a subjectively culpable state of mind, or that conditions at Bullock Correctional Facility were extreme and posed an unreasonable risk to his health or safety. Accordingly, Plaintiff's claims against Dunn should be dismissed.

4. **The Doctrine of Qualified Immunity Bars Plaintiff's 42 U.S.C. §1983 Claim against Dunn.** Although section 1983 creates a private right of action for deprivation of constitutional rights under color of State law, "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). Plaintiff admits that Dunn acted within his discretionary authority. (Doc. No. 24, ¶ 7). As discussed above, Plaintiff

fails to allege that Dunn personally participated in a constitutional violation. However, even if Plaintiff properly alleged a constitutional violation (he did not), he failed to plausibly allege any violation of clearly established law. To determine whether alleged conduct violates clearly established law, courts "look for 'fair warning' to [public officials] that the conduct at issue violated a constitutional right." Gaines v. Wardynski, 871 F.3d 1203, 1208 (11th Cir. 2017) (quoting Jones v. Fransen, 857 F.3d 843, 851 (11th Cir. 2017)). Plaintiff can point to no prior case law suggesting that Dunn should have been on notice that his conduct violated Turners's constitutional rights. Thus, Dunn remains entitled to qualified immunity from Plaintiff's section 1983 claim.

**WHEREFORE, PREMISES** CONSIDERED, Dunn respectfully requests that the Court dismiss the Amended Complaint and all claims asserted against Dunn by the Plaintiff.

Dated: May 4, 2023

*/s/ William R. Lunsford*
William R. Lunsford

*One of the Attorneys for Commissioner Dunn*

William R. Lunsford
Matthew B. Reeves
Daniel J. Chism
Lynette E. Potter
**Butler Snow LLP**
200 West Side Square
Suite 100

Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
Daniel.chism@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system and/or U.S. Mail on this 4th day of May 2023:

Julian L. McPhillips, Jr.
K. David Sawyer
**MCPHILLIPS SHINBAUM, LLP**
516 S. Perry Street
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@icloud.com
kdsawyer64@outlook.com

*Attorneys for Plaintiff*

Laura E. Howell
**STATE OF ALABAMA**
**OFFICE OF ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36130-0512
Telephone: (334) 242-7300
Fax: (334) 353-8400
laura.howell@alabamaag.gov

*Attorney for Patrice Jones and David Lamar*

*/s/ William R. Lunsford*
Of Counsel