**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **FRED TURNER, Administrator for the Estate of Lawrence Turner, deceased,** | ) | |
| **Plaintiff,** | ) | **Case No. 2:22-CV-00624-MHT-KFP** |
| **v.** | ) | |
| **JEFFERSON DUNN, *et al.*,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF COMMISSIONER DUNN'S MOTION TO STRIKE OR, ALTERNATIVELY, DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Jefferson Dunn ("Dunn") hereby submits this Memorandum of Law in Support of his Motion to Strike or, Alternatively, Motion to Dismiss the Amended Complaint (doc. no. 24) filed by Plaintiff Fred Turner ("Plaintiff").

## INTRODUCTION

Plaintiff seeks to hold former ADOC Commissioner Jefferson Dunn personally liable for the death of an inmate, Lawrence Turner ("Turner"), allegedly as the result of an assault by other unidentified inmates at Bullock Correctional Facility ("Bullock"). Plaintiff does not and cannot allege that Dunn participated in or authorized the alleged assault, or even that he was present at Bullock when it occurred. Instead, Plaintiff bases his claim against Dunn solely on Dunn's status as

the former Commissioner of ADOC.

As a preliminary matter, Plaintiff failed to serve Dunn with a copy of the Amended Complaint, and this Court therefore lacks personal jurisdiction over Dunn and should dismiss the action as to him. Moreover, Plaintiff's vague and conclusory Amended Complaint constitutes a classic shotgun pleading, and the Court should strike it. Alternatively, the Court should dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) for at least the following three (3) reasons:

(1) Plaintiff fails to allege a plausible section 1983 claim against Dunn;

(2) Qualified immunity protects Dunn from Plaintiff's section 1983 claim; and

(3) The Court need not expand individual liability under section 1983, because the Alabama Board of Adjustment provides Plaintiff with an adequate damages remedy.

Accordingly, Dunn respectfully requests that the Court dismiss Plaintiff's claim against him pursuant to Rule 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Amended

Complaint fails to meet these basic pleading standards. At a minimum, Plaintiff failed to include a separate count for each claim against each defendant and the factual basis of that claim alone.

Even where a complaint meets the basic pleading standards set forth above (which the Amended Complaint fails to do), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Plaintiff's Amended Complaint fails to meet these requirements.

In addressing a pleading such as the Amended Complaint, when a plaintiff relies upon vague, conclusory allegations, a court must "first separat[e] out the complaint's conclusory legal allegations and then determine[e] whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 679). The plausibility standard "asks for more than a

sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Stripped of its labels, conclusions, and formulaic recitation of elements of causes of action, Plaintiff's Amended Complaint lacks well-pleaded factual allegations. Id. Accordingly, the Court should dismiss it.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, while incarcerated at Bullock Correctional Facility ("Bullock"), on April 2, 2021, unidentified inmates allegedly attacked Turner, resulting in "serious" injuries to Turner. (Doc. 24 at ¶ 115). ADOC personnel transported Turner to Baptist South Hospital in Montgomery, Alabama for medical treatment. (Id. at ¶ 116). Plaintiff alleges that Turner died from his injuries on May 5, 2021. (Id. at ¶ 117). Plaintiff alleges that, before the alleged assault, Turner informed unidentified officers at Bullock that unidentified inmates threatened him (id. at ¶ 109), but he fails to allege that Turner or anyone else informed Dunn of these alleged threats.

Plaintiff's Amended Complaint asserts a single claim for "violation of Eighth and Fourteenth Amendments." (Doc. 24 at ¶¶ 118-128). Plaintiff includes only sparse allegations against Dunn. He alleges that Dunn served as ADOC's Commissioner and generally possessed responsibility for the operation and management of Alabama's prison system. (Id. at ¶ 7). Plaintiff claims generally that Dunn possessed awareness of a risk of harm to ADOC inmates, including

Turner, but "responded to this known substantial risk in an unreasonable manner" because he "knew of ways to reduce the risks and harm, but knowingly or recklessly declined to act. (Id. at ¶ 104). Plaintiff fails to provide factual allegations identifying how Dunn's actions were unreasonable, or what Dunn could have done, but failed to do, to prevent Turner's death. For the following reasons, Plaintiff's Amended Complaint fails to plead a plausible claim against Dunn and, therefore, the Court should dismiss it.

## ARGUMENT

### I. PLAINTIFF FAILED TO TIMELY PERFECT SERVICE ON DUNN.

Plaintiff failed to properly serve Dunn "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons ***and complaint*** served within the time allowed by Rule 4(m)…") (emphasis added). Instead of serving Dunn with a copy of the First Amended Complaint in this action, Plaintiff served Dunn with the Alias Summons in this action and a copy of Plaintiff's First Amended Complaint in an action styled Denice McKee v. Jefferson Dunn, *et al.*, No. 2:22-cv-006476-RAH-CWB, in the United States District Court for the Middle District of Alabama, Northern Division. A true and accurate copy of the materials Plaintiff served on Dunn is attached hereto as **Exhibit A**. Plaintiff's failure to include the Amended Complaint in this action rendered service ineffective. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (a summons without a copy of

complaint does not effectuate service). Moreover, because of the defects in process and service of process, the Court lacks personal jurisdiction over Dunn. Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served."). Accordingly, the Court should dismiss this action as to Dunn. Fed. R. Civ. P. 4(m); Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007).

## II. PLAINTIFF'S AMENDED COMPLAINT CONSTITUTES AN IMPERMISSIBLE "SHOTGUN PLEADING."

Plaintiff's Amended Complaint represents an impermissible "shotgun pleading." "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Bch. Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015); Sledge v. Goodyear Dunlop Tires N. Am. Ltd., 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."). The Eleventh Circuit identified four categories of prohibited shotgun pleadings:

> [1.] a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of

> the entire complaint.... [2.] a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.... [3. a complaint that] commits the sin of not separating into a different count each cause of action or claim for relief. [4.] ... [a complaint] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1321-1323. Plaintiff's Amended Complaint falls within the fourth Weiland category. The Amended Complaint asserts a single count against three (3) defendants without specifying the basis for liability on the part of each one. (See, e.g., Doc. 124 at ¶ 119 (alleging generally that "Dunn, Jones and Lamar were subjectively aware of this substantial risk of serious harm to prisoners," but failing to allege how each one individually possessed awareness of the alleged risk); ¶ 120 (alleging generally that "Dunn, Jones, and Lamar did not respond and/or did not reasonably respond to the risk," without providing specific allegations as to how each individual's response was unreasonable)). These vague allegations "fail . . . to give [Dunn] adequate notice of the claims against [him] and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. The Eleventh Circuit "roundly, repeatedly, and consistently condemn[s]" shotgun pleadings. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008). Plaintiff's Amended Complaint embodies a shotgun pleading, and the Court should strike it.

## III. Plaintiff's Amended Complaint Fails to State a Valid Section 1983 Claim against Dunn.

Plaintiff seeks to hold Dunn personally liable for Turner's death from the alleged criminal activities of other inmates. Plaintiff must clear a high bar to impose personal liability on Dunn as a public servant under these circumstances. "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if [the official] is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019). "To establish a deliberate-indifference claim, a plaintiff must make both an objective and a subjective showing." Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1944)). The first element, whether there was a substantial risk of harm, requires an objective showing of "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." Marbury v. Warden, 936 F.3d at 1233 (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2019) (internal citations omitted)). The second component requires a plaintiff to establish a defendant's subjective deliberate indifference to the risk of serious harm by "making three sub-showings: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" Swain, 961 F.3d at 1285 (quoting Lane, 835 F.3d at 1308).

Deliberate indifference sets a high bar. Williams v. Limestone Cnty., Ala., 198 F. App'x 893, 897 (11th Cir. 2006). In establishing the subjective element, "[a] plaintiff must prove that the defendant acted with a 'sufficiently culpable state of mind.'" Id. (quoting Farmer, 511 U.S. at 834). This culpable state of mind exceeds malpractice or ordinary negligence and "is in fact akin to 'subjective recklessness as used in the criminal law.'" Swain, 961 F.3d at 1288 (quoting Farmer, 511 U.S. at 839-40). "Finally, the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury." Marbury, 936 F.3d at 1233 (quoting Rodriguez v. Sec'y for Dep't of Corrs., 508 F.3d 611, 622-23 (11th Cir. 2007)). Plaintiff failed to meet these well-established requirements.

### A. PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE DUNN'S INVOLVEMENT IN A CONSTITUTIONAL VIOLATION.

Plaintiff seeks monetary damages from Dunn in his individual, or personal, capacity. (Doc. No. 24, ¶ 7). To plausibly allege such a claim, Plaintiff must at a minimum allege Dunn's personal involvement in a constitutional violation. "Personal involvement by an individual-capacity defendant is an indispensable element of a valid legal claim" and "only exists when the individually named defendant performed the acts or omissions at issue himself or directed a subordinate to do so." Cook v. Corizon, LLC, No. 2:17-CV-178-SMD, 2019 WL 2076392, *3 (M.D. Ala. May 10, 2019); see Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995) (to prevail on individual capacity claims, plaintiff must show that

defendants "were personally involved in acts or omissions that resulted in the constitutional deprivation"); Clark v. City of Atlanta, Ga., 544 F. App'x 848, 857 (11th Cir. 2013). Thus, to state a claim against Dunn personally, Plaintiff must plead that "[Dunn], *through [his] own individual actions* . . . violated the constitution." Cook, 2019 WL 2076392, *3 (emphasis added) ; see also Iqbal, 556 U.S. at 676-77. Plaintiff's individual-capacity claim against Dunn fails to meet this minimal standard.

Again, Plaintiff failed to plead any facts to suggest that Dunn personally or through direct command to a subordinate violated Turner's rights. Plaintiff fails to allege that Dunn witnessed the alleged attack or even was at Bullock at the time. Plaintiff's allegation that Turner informed unidentified officers at Bullock of an alleged threat before the assault (doc. 24 at ¶ 108) fails to allege Dunn's knowledge of the alleged threat. Instead of including specific factual allegations regarding Dunn's conduct, Plaintiff includes only the following vague and conclusory allegations, with no supporting facts:

- "… There existed a history of widespread abuse placing Defendants Dunn, Jones, and Lamar on notice of the need to correct the alleged deprivation, and Defendants Dunn, Jones and Lamar failed to do so. This further created a custom or policy resulting in each Defendant's deliberate indifference to the substantial risk of serious harm caused by violent prisoners at the Bullock Correctional Facility. Defendants Dunn, Jones and Lamar were subjectively aware of this substantial risk of serious

harm to prisoners, including Lawrence Turner, deceased." (Doc. No. 24 at ¶ 119);

- "With subjective knowledge of the substantial risk of serious harm caused by violent prisoners at the Bullock Correctional Facility, Defendants Dunn, Jones and Lamar did not respond and/or did not reasonably respond to the risk. Defendants Dunn, Jones and Lamar reasonably knew, or should have known, that this custom or policy would result in a substantial risk of serious harm to inmates, including Lawrence Turner, deceased, and acted or failed to act despite his or her knowledge of this substantial risk of serious harm." (Id., ¶ 120);

- "Defendants Dunn, Jones, and Lamar acted with deliberate indifference to this substantial risk in violation of the Eighth and Fourteenth Amendments, resulting in the deceased, Lawrence Turner's, injuries, and death." (Id., ¶ 123);

- "This deliberate indifference by Defendants Dunn, Jones and Lamar to the actual and substantial risk of serious harm at the Bullock Correctional Facility was unwarranted, unlawful, and excessive, and violated the individual rights afforded Lawrence Turner, deceased, by the Eighth Amendment and Fourteenth Amendment." (Id., ¶ 124); and

- "Defendants Dunn, Jones, and Lamar acted with a conscious disregard of the known consequences of their actions and/or omissions; and knew of, or should have known, and failed to prevent the deliberate indifference resulting in the serious injuries and death of Lawrence Turner, deceased." (Id., ¶ 125).

These vague allegations fail to suggest that Dunn acted with a "sufficiently culpable state of mind" to support a deliberate indifference claim. Swain, 961 F.3d at 1288

(quoting Farmer, 511 U.S. at 839-40).

Moreover, to the extent Plaintiff's claims against Dunn rest on his status as a supervisor, "'[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'" Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994). Thus, merely alleging that an official held a supervisory position fails to state a section 1983 claim. Instead, "a plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Id. (citing Cottone, 326 F.3d at 1360); see also Iqbal, 556 U.S. at 677 ("In a § 1983 suit . . . – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Furthermore, the Eleventh Circuit recently held that a plaintiff must show "'more than a generalized awareness of risk' to make out a deliberate-indifference claim" based on inmate-on-inmate harm. Marbury, 936 F.3d at 1234; see also Harrison, 746 F.3d at 1299-1300. Instead, "[t]o establish deliberate

indifference based on a generalized risk, the plaintiff must show 'that serious inmate-on-inmate violence was the norm or something close to it.'" Marbury, 936 F.3d at 1214 (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1320 (11th Cir. 2005)); Daniels v. Felton, 823 F. App'x 787, 790 (11th Cir. Aug. 11, 2020) (affirming summary judgment for prison officials where plaintiff inmate failed to "identify any risk of harm known to the defendants beyond the generalized danger of housing rival gang members in the same prison"); Owens v. Sec'y, Fla. Dep't of Corr., 812 F. App'x 861 (11th Cir. 2020) (district court properly granted summary judgment where defendant officer "might have been aware that a general risk of inmate violence existed in Florida prisons"). Plaintiff's generalized statements involving alleged conditions across the entire ADOC system cannot plausibly allege a specific risk of harm to Turner.

Even if Plaintiff could plausibly allege the existence of a substantial risk of serious harm, he failed to allege that Dunn responded unreasonably to that risk. Swain, 961 F.3d at 1287 ("***A resulting harm thus cannot alone establish a culpable state of mind.***") (quoting Farmer, 511 U.S. at 844) (emphasis added). Plaintiff failed to allege a single action that Dunn performed or failed to perform that led to Turner's death. See Cox v. Nobles, 15 F.4th 1350, 1360 (11th Cir. 2021) (affirming dismissal of section 1983 claim where plaintiff adequately alleged "the subjective component of deliberate indifference," but failed to allege that the defendant "acted in an

objectively unreasonable manner”). Plaintiff’s Amended Complaint therefore fails to plead facts giving rise to a plausible individual-capacity claim against Dunn, and Plaintiff’s section 1983 claim is due to be dismissed.

### B. THE DOCTRINE OF QUALIFIED IMMUNITY BARS PLAINTIFF’S INDIVIDUAL-CAPACITY CLAIM AGAINST DUNN.

Even if Plaintiff could allege an underlying constitutional violation on the part of Dunn, Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on him. “Unless the plaintiff’s allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.” Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, while qualified immunity constitutes an affirmative defense, a defendant may raise it on a motion to dismiss where the facts establishing the defense are evident on the face of the complaint. Iqbal, 556 U.S. at 672 (holding that qualified immunity represents “a limited ‘entitlement not to stand trial or face the other burdens of litigation,’” and it is therefore appropriate for courts to decide the issue at an early stage, including at on a motion to dismiss) (quoting Mitchell, 472 U.S. at 526). Plaintiff’s Amended Complaint articulates facts establishing Dunn’s entitlement to qualified immunity.

“Qualified immunity offers ‘complete protection for government officials sued in their individual capacities so long as ‘their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have

known.'" Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001)). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation. See Anderson v. Creighton, 483 U.S. 635, 638 (1987); Lee, 284 F.3d at 1194 (internal citations omitted). "[Q]ualified immunity for government officials is the rule, liability and trials for liability [are] the exception." Alexander v. Univ. of N. Fla., 39 F.3d 290, 291 (11th Cir. 1994). Here, the rule unquestionably applies.

A public official must "first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee, 284 F.3d at 1194 (citing Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991) (internal citations omitted)). Once the official establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. Id. Courts apply a two-part test in evaluating whether a plaintiff carries this burden. First, as a "threshold question," "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. Then, if a constitutional right would have been violated under the plaintiff's version of the facts, the court must determine "whether the right was clearly established." Lee, 284 F.3d at 1194.[1]

[1] In Pearson v. Callahan, the Supreme Court clarified that the order in which a court addresses

Plaintiff concedes that Dunn acted within the scope of his discretionary authority. (Doc. No. 24, ¶ 7) (alleging Dunn "act[ed] under color of law and within the line and scope of his duties"). Since Dunn unquestionably acted within his discretionary authority, Plaintiff must plausibly allege that Dunn violated a clearly established constitutional right. As set forth above, Plaintiff cannot state a section 1983 claim against Dunn. Accordingly, "'there is no necessity for further inquiries concerning qualified immunity.'" Harrison, 746 F.3d at 1299, n. 15 (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Even if Plaintiff properly alleged a constitutional violation (he did not and cannot), he cannot establish a violation of *clearly established* law.

In considering whether alleged conduct violated clearly established law, courts "'look for 'fair warning' to [public officials] that the conduct at issue violated a constitutional right.'" Gaines v. Wardynski, 871 F.3d 1203, 1208 (11th Cir. 2017). Generally, a plaintiff seeking to demonstrate a violation of clearly established law must "point to prior case law (from the Supreme Court of the United States, the Eleventh Circuit, or the highest court in the relevant state) that is 'materially similar.'" Id. (quoting Jones v. Fransen, 857 F.3d 843, 851-52 (11th Cir. 2017)). The United States Supreme Court has "repeatedly told courts ... not to define clearly

each part of the qualified immunity analysis is not mandatory, but rather left to the sound discretion of the lower courts. 555 U.S. 223, 236-43 (2009).

established law at a high level of generality." Iqbal, 563 U.S. at 742 (internal citations omitted).

Plaintiff can point to no prior caselaw suggesting that Dunn should have been on notice that his conduct violated Turner's constitutional rights. To the contrary, caselaw plainly establishes that supervisory liability is not appropriate in these circumstances. See Marbury, 936 F.3d at 1233-38 (no liability where warden and correctional officer allegedly ignored plaintiff's requests for transfer before attack by fellow inmate and knew of a general risk of violence within the prison); Harrison, 746 F.3d at 1301-02 (no supervisory liability where complaint alleged that warden knew of incidents of inmate-on-inmate violence, but evidence did "not indicate that inmates were 'exposed to something even approaching the constant threat of violence'") (quoting Purcell., 400 F.3d at 1320). Accordingly, Dunn remains entitled to qualified immunity from Plaintiff's individual-capacity claim.

## IV. PLAINTIFF'S AMENDED COMPLAINT REPRESENTS AN UNNECESSARY ATTEMPT TO EXPAND INDIVIDUAL LIABILITY UNDER SECTION 1983.

Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Alabama law also bars state-law damages claims directly against state agencies such as ADOC and against state officials in their official capacities. Ex parte Moulton, 116 So. 3d 1119, 1140 (Ala. 2013). Plaintiff's Amended Complaint represents an attempt to avoid Eleventh Amendment sovereign immunity

by asserting a damages claim against Dunn individually, even though Plaintiff cannot allege a direct connection between Dunn's actions and Turner's death. (Doc. No. 24, ¶ 7). However, Alabama law already contains a mechanism to deal with damages claims that sovereign immunity would otherwise bar – the Alabama Board of Adjustment. Ala. Code § 41-9-62 (1975). Thus, sovereign immunity does not mean that Alabama or its officials avoid liability for valid, legal obligations. Accordingly, Plaintiff's proposed expansion of individual-capacity liability is unnecessary.

The Alabama Board of Adjustment possesses "jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant." Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (citing Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)). The Board of Adjustment specifically holds jurisdiction over "[a]ll claims for personal injuries to or the death of any convict." Ala. Code. § 41-9-62(a)(1), (2). Thus, to the extent, Plaintiff seeks damages for harm allegedly sustained by Turner while in ADOC's custody, the Alabama Board of Adjustment exists to adjudicate those very claims. Therefore, no claims should proceed against Dunn, whom Plaintiff admits acted within the scope of his employment at the time of the incident in question. (Doc. No. 24, ¶ 7).

## CONCLUSION

For the foregoing reasons, Dunn respectfully requests this Court strike Plaintiff's Amended Complaint as a shotgun pleading, or, in the alternative, dismiss the claim asserted against him by Plaintiff.

Dated: May 4, 2023

Respectfully submitted,

*/s/ William R. Lunsford*
William R. Lunsford

*One of the Attorneys for Commissioner Dunn*

William R. Lunsford
Matthew B. Reeves
Lynette E. Potter
Daniel J. Chism
**Butler Snow LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
Daniel.chism@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system and/or U.S. Mail on this 4th day of May 2023:


Julian L. McPhillips, Jr.
K. David Sawyer
**McPHILLIPS SHINBAUM, LLP**
516 S. Perry Street
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@icloud.com
kdsawyer64@outlook.com

*Attorneys for Plaintiff*

Laura E. Howell
**STATE OF ALABAMA**
**OFFICE OF ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, Alabama 36130-0512
Telephone: (334) 242-7300
Fax: (334) 353-8400
laura.howell@alabamaag.gov

*Attorney for Patrice Jones and David Lamar*


*/s/ William R. Lunsford*
Of Counsel