IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FRED TURNER, Administrator  )
for the Estate of Lawrence  )
Turner, deceased,           )
                            )
     Plaintiff,             )
                            )        CIVIL ACTION NO.
     v.                     )         2:22cv624-MHT
                            )             (WO)
JEFFERSON S. DUNN, Alabama  )
Prison Commissioner,        )
et al.,                     )
                            )
     Defendants.            )
```

OPINION AND ORDER

This case stems from the death of Lawrence Turner while he was in the custody of the Alabama Department of Corrections. Plaintiff Fred Turner, the administrator of decedent Turner's estate, brings this case seeking to hold various defendants liable for decedent's death. One of the named defendants is Jefferson S. Dunn, the commissioner of the Alabama Department of Corrections at the time of decedent's death. Plaintiff asserts two counts against Dunn: one under 42 U.S.C. § 1983 for failure to protect the

decedent from a substantial risk of serious harm in violation of the Eighth and Fourteenth Amendments and one for wrongful death under Alabama law.  This court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental).

Before the court are Dunn's motion to strike and alternative motion to dismiss the amended complaint. The motions raise several defenses, including that the complaint should be dismissed for improper service of process.  For the reasons below, the court will deny the motions with leave to renew.

## I.   BACKGROUND

On January 9, 2023, plaintiff filed an amended complaint, which named Dunn as a defendant in this lawsuit for the first time.  The next day, a summons and the complaint were mailed to him, but they were sent to the wrong address, rendering service ineffective.

In April, plaintiff tried to serve Dunn a second time, this time with an alias summons that was sent to what looks like a residential address. But plaintiff mistakenly attached the wrong complaint, giving Dunn a complaint from an unrelated case.

On May 4, after plaintiff's second failed attempt to provide service of process, Dunn moved to dismiss the amended complaint for, among other things, insufficient service of process. Plaintiff initially responded by asserting that, while he served the wrong complaint at first, he has since corrected the error and properly served Dunn. Yet plaintiff did not file a proof of the corrected service with his response. Accordingly, the court ordered him to "file a completed proof-of-service form and/or other competent evidence of when defendant Jefferson S. Dunn was served with the summons and the proper complaint." Order (Doc. 48). In reply, plaintiff filed (1) a copy of a tracking page from the United States Postal Service (USPS) indicating an item was "delivered to an individual at the address"

3

during the afternoon of May 15, USPS Tracking Results (Doc. 51-2); and (2) an unsigned return receipt card, which has a postmark indicating that the item was returned to plaintiff's counsel without signature.

## II.   DISCUSSION

The court now turns to Dunn's argument that the amended complaint should be dismissed for insufficient service of process.  Proper service of process is necessary for a court to have personal jurisdiction. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  And so, as Dunn correctly notes, whether service was sufficient is "a preliminary matter" that this court must decide before it reaches his other arguments.  Dunn's Br. (Doc. 39) 2.

Dunn argues that service of process was insufficient because he was not properly served within 90 days of when the amended complaint was filed. Plaintiff responds that any defects in service have

been cured, and, as a result, the amended should not be dismissed.

When service of process is challenged, the plaintiff must prove that there was valid service of process. *See Winston v. Walsh*, 829 Fed. App'x. 448, 450 (11th Cir. 2020). Under the Federal Rules of Civil Procedure, each defendant must be properly served with a copy of *both* the summons and the complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(c)(1), 4(m). Here, plaintiff was required to serve the summons and complaint by: (1) delivering them personally to Dunn or his authorized agent; (2) "leaving a copy of each at [Dunn's] dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) any other method permitted under Alabama law. *Id.* 4(e).

Contrary to plaintiff's assertion, he has not proven that Dunn was properly served. First, plaintiff's initial service on April 6, was not proper because he served the incorrect complaint. Second, he

5

has not provided enough evidence to prove that Dunn was properly served on May 15.  The only evidence that plaintiff filed is a copy of a tracking page and an unsigned return receipt.  While Alabama law permits service of process by certified mail, that service is not complete until the recipient provides a *signed* return receipt.  *See* Ala. R. Civ. P. 4(i)(2).  As the receipt plaintiff provided was unsigned, he has not proven valid service.  *See Golson v. Pineda*, 693 F. App'x 850, 851 (11th Cir. 2017).  Furthermore, even if Dunn was served on May 15, such service would have been untimely--the amended complaint was filed on January 9, and so the 90-day deadline ran on April 10.

Because plaintiff has not established valid service of process, the court must either dismiss the complaint without prejudice as to Dunn or extend the service deadline.  *See* Fed. R. Civ. P. 4(m).  When deciding which action to take, the court follows a two-step process.

At the first step, the court determines whether a plaintiff established 'good cause' for his failure to provide timely service, and if good cause exists, "the court *must* extend the time for service." *Id.* (emphasis added).  Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).  Here, plaintiff has not demonstrated good cause, as he was simply negligent in serving the wrong complaint and failing to get a signature.

Given plaintiff has not shown good cause, the court proceeds to the second step.  At this step, the court *must* consider whether "any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

Here, "other circumstances" warrant an extension of the service period.  Both claims against Dunn have a two-year statute of limitation.  *See Chapman v. Dunn*,

7

129 F.4th 1307, 1315 (11th Cir. 2025); Ala. Code § 6-5-410(d).  Because plaintiff's injury accrued in May 2021, the statute of limitations his claims ran out nearly two years ago.  And so, if his claims against Dunn are dismissed, even without prejudice, any attempt to refile them is likely to be time barred.  Dunn is also unlikely to suffer any prejudice, he has been notified of this case, received a summons within the 90-day period, his counsel entered an appearance, and--in the same motion seeking dismissal for inadequate service of process--he argued, at length, why the amended complaint should also be dismissed on the merits.  *See Boyd v. Koch Foods of Ala., LLC*, No. 2:11-cv-748-MHT, 2011 WL 6141064, at *3 (M.D. Ala. Dec. 8, 2011) (Thompson, J.) (concluding defendant suffered no prejudice because it "was fully informed of [plaintiff's] claims, entered an appearance, and filed numerous motions.").  As a result, rather than dismiss the amended complaint, the court will briefly extend the service period.  *See*

8

*Lepone-Dempsey*, 476 F.3d at 1282 (stating that the "running of a statute of limitations" may "warrant a "permissive extension of time.").

Because, as Dunn correctly notes, whether service was sufficient is "a preliminary matter" that must be resolved before the other arguments are reached, Dunn's Br. (Doc. 39) 2, the court will deny Dunn's motions with the following understandings.  First, the court will give plaintiff 14 days to perfect service.  Second, the court will give Dunn 28 days to refile his motions.  If, after 14 days, plaintiff again fails to perfect service, Dunn may, with the renewal of his motions, bring that failure to the court's attention and ask for appropriate relief.  If plaintiff perfects service, Dunn may renew his motions and ask the court to address the other arguments he advanced in them.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Jefferson S. Dunn's motion to strike and alternative motion to dismiss the amended complaint

9

(Doc. 38) are denied with leave to renew. He has 28 days from the issuance of this order to refile the motions.

    (2) Plaintiff Fred Turner has 14 days from the issuance of this order to serve defendant Dunn properly.

    DONE, this the 7th day of July, 2025.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**